JENNIE ROLAND *v.* THE STATE.

ADULTERY — EVIDENCE. — In the trial of a woman for adultery, it is competent for her husband to testify against her.

APPEAL from the County Court of Gregg. Tried below before the Hon. L. G. JACKSON, County Judge.

A fine of $100 was the punishment assessed by the jury against the appellant.

*A. T. Burke,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.   We have carefully considered the various questions of moment to be determined.   It is shown by the record that, the defendant being on trial, charged with living in adultery with one George Willis, the State offered to prove by the husband the marriage of the defendant.   When the trial was had (January 6, 1880) the Revised Codes had gone into effect, and, so far as this question is concerned, being a matter of procedure, it must be determined thereby.   The appellant invoked in the court below, and is entitled here to whatever benefits she may be entitled to under art. 735 of the Code of Procedure, as follows :   " The husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offence committed by one against the other."

If to live in adultery be an offence against the matrimonial spouse, then the State was entitled to the testimony, agreeably to the plain import of the language cited.   That it is an offence against the husband for the wife to live in adultery with another man, will hardly admit of question.   That this identical question has been settled in this State against the views of the appellant, see *Morrill* v. *The State,* 5 Texas Ct.

App. 447, decided under a statutory provision identical with that cited above. The court did not err in overruling the defendant's objection to the admissibility of the husband to testify against the wife when charged with living in adultery with another man.

Finding no material error, the judgment is affirmed.

*Affirmed.*